UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES** | **CRIMINAL ACTION** |
| **VERSUS** | **No. 10-125** |
| **DAIGLE** | **SECTION "L" (1)** |

### ORDER AND REASONS

Before the Court is *pro se* Defendant Daniel Daigle's Motion to Modify Conditions of Supervised Release. R. Doc. 43. Having considered the briefing, the record, and the applicable law, the Court rules as follows.

**BACKGROUND**

On May 11, 2011, petitioner Daniel Daigle pled guilty to Count Three of a four-count Indictment, which charged him with receipt of child pornography in violation of 18 U.S.C. §§ 2256(2) and 2252(a)(2). R. Doc. 29, R. Doc. 7. On September 7, 2011, District Judge Martin Feldman sentenced Mr. Daigle to 180 months in prison and a life term of supervised release. R. Doc. 36 at 1. The terms of Mr. Daigle's supervised release contain a number of requirements and limitations, three of which are restrictions on computer and internet use. Most relevant here is the provision that "[t]he defendant shall not possess or use for any purpose, a computer, or television, or other instruments of communication equipped with on-line, Internet or World Wide Web access, to access computers or other forms of wireless communication via third parties." *Id.* at 2.

On October 2, 2014, Daigle petitioned the Court to amend the conditions of his supervised release to request "less restrictive" conditions regarding internet use. R. Doc. 37.

1

Judge Fallon denied Mr. Daigle's petition without prejudice, instructing the defendant that he could re-file within a year of release. R. Doc. 40.

Mr. Daigle is currently incarcerated at Seagoille FCI, located in Seagoville, Texas. *See* BUREAU OF PRISONS, http://www.bop.gov/inmateloc (last accessed December 8, 2022). He is projected for release on June 28, 2023, but provides the Court with sentencing monitoring data indicating that he will be eligible for home release on December 28, 2022. R. Doc. 43 at Ex. A.

On September 1, 2022, within a year of his release, Mr. Daigle filed the instant motion, and his case was assigned to this section of the Court on September 13, 2022. R. Doc 43, R. Doc. 44. This Court ordered the government to respond, R. Doc. 45, and the government responded on September 23, 2022. R. Doc. 46.

**THE PRESENT MOTION**

Mr. Daigle asks the Court to modify the terms of his supervised release under 18 U.S.C. § 3583(e)(2) and Fed. R. Crim. Pro. 32.1(c)(2)(B). He cites *United States v. Becerra*, 835 F. App'x 751, 756 (5th Cir. 2021) and *United States v. Duke*, 788 F.3d 392, 399 (5th Cir. 2015) to argue that "this Circuit has required that limitations on internet access, even for sex offenders, be 'narrowly tailored either by scope or by duration' so 'as to give defendants meaningful access to computers or the internet' in modern life." R. Doc. 43-1 at 2. He further contends that there is a conflict between the lifetime ban provision, quoted above, and two other provisions the judgment—one of which would allow the Probation Office to "conduct periodic unannounced examination" of his computer equipment, and the other providing that he will consent to the installation of a computer monitoring software on his computer. R. Doc. 43-1 at 3 (citing R. Doc. 36 at 3). He asks that this Court resolve the discrepancy by striking the lifetime ban and leaving

in place "the more common and reasonable rule" that his internet usage be subject to monitoring by the Probation Office. *Id.*

The government does not oppose Mr. Daigle's motion. Citing *United States v. Duke*, 788 F.3d 392, 399 (5th Cir. 2015), which the Court discusses below, the government notes that the Fifth Circuit has ruled that lifetime bans on internet use are not permissible conditions of supervised release under 18 U.S.C. § 3583. Rather, the government suggests, "Daigle's Internet access must be subject to monitoring by the U.S. Probation Office as outlined in the Judgment." R. Doc. 46 at 3.

**LAW AND ANALYSIS**

Trial courts have discretion to impose and modify an individual's conditions of supervised release. *United States v. Johnson*, 529 U.S. 53, 60 (2000). The Fifth Circuit has elucidated the two statutory provisions that limit that discretion: "First, a condition of supervised release must be 'reasonably related,' 18 U.S.C. § 3583(d)(1), to one of four factors provided in 18 U.S.C. § 3553(a). Second, the condition 'must be narrowly tailored such that it does not involve a greater deprivation of liberty than is reasonably necessary to fulfill the purposes set forth in § 3553(a).'" *United States v. Becerra*, 835 F. App'x 751, 755 (5th Cir. 2021).

The defendant and the government are correct that the Fifth Circuit has foreclosed the kind of overbroad restriction that the September 7, 2011 judgment places on Mr. Daigle. While limits on internet usage "narrowly tailored either by scope or by duration" are permissible under 18 U.S.C. § 3583, "absolute bans, imposed for the rest of a defendant's life" are not. *United States v. Duke*, 788 F.3d 392, 399 (5th Cir. 2015). In *Duke*, the circuit court noted that, while it had upheld total bans on internet use for short periods, or on lifetime restrictions requiring defendants to receive approval from

3

probation officers or courts before obtaining devices that could access the internet, an "absolute computer and Internet ban would completely preclude [the defendant] from meaningfully participating in modern society for the rest of his life." *Id.* at 400. *See also Becerra*, 835 F. App'x at 756 (holding that an absolute 10-year ban was unlawful, but that "permitting [internet] access with prior approval of Becerra's probation officer or the district court" would be permissible).

The terms of Mr. Daigle's supervised release are exactly like those at issue in *Duke* and even more severe than those overturned in *Becerra*, because they would restrict him from accessing the internet for the entire period of his supervised release—that is to say, the rest of his life. As such, the provision that "[t]he defendant shall not possess or use for any purpose, a computer, or television, or other instruments of communication equipped with on-line, Internet or World Wide Web access, to access computers or other forms of wireless communication via third parties" fails to satisfy the requirements of 18 U.S.C. § 3583 and must be eliminated from the terms of Mr. Daigle's supervised release.

In this instance, there are existing terms of supervised release that will be sufficient to protect the public without unduly depriving Mr. Daigle of his liberty. Both the movant and the government point to two other provisions in the terms of Mr. Daigle's supervised release as an appropriate alternative restriction to the impermissible lifetime internet ban:

> The defendant shall allow the United States Probation Office to conduct periodic unannounced examination of his/her computer equipment, which may include retrieval and copying of all data from his/her computer and any internal and external peripherals to ensure compliance with the conditions and/or removal of such equipment for the purpose of conducting a more thorough inspection. The defendant shall also consent, at the direction of the United States Probation Office, to having installed on his/her computer, at his/her expense, any hardware or software to monitor computer use.

R. Doc. 36 at 3. The Court agrees with the defendant and the government that these provisions satisfy the requirements articulated in 18 U.S.C. § 3583(d) for conditions of supervised release: they are "reasonably related" to and "involve[] no greater deprivation of liberty than is reasonably necessary" to satisfy the requirements of 18 U.S.C. § 3553.

**CONCLUSION**

For the foregoing reasons, the Court **GRANTS** the Defendant's Motion to Modify Conditions of Release. The provision that "[t]he defendant shall not possess or use for any purpose, a computer, or television, or other instruments of communication equipped with on-line, Internet or World Wide Web access, to access computers or other forms of wireless communication via third parties" shall be **STRICKEN** from the conditions of Mr. Daigle's supervised release.

New Orleans, Louisiana, this 13th day of December, 2022.

_____
THE HONORABLE ELDON E. FALLON
UNITED STATES DISTRICT JUDGE